## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMANDA MAHNKE** | : |
| **1725 New Hampshire Avenue, NW** | |
| **Washington, DC 20009** | : |
| | |
| **Plaintiff,** | : |
| | |
| **v.** | : |
| | |
| **WASHINGTON METROPOLITAN** | : |
| **AREA TRANSIT AUTHORITY** | **Case No.** |
| **(a/k/a "WMATA")** | : |
| **600 Fifth Street, NW** | |
| **Washington, DC  20001** | : |
| | |
| **SERVE:     Carol O'Keeffe, Esquire** | : |
| **General Counsel's Office** | |
| **WMATA** | : |
| **600 Fifth Street, NW** | |
| **Washington, DC   20001** | : |
| | |
| **Defendant.** | : |

### COMPLAINT
**(Bus-Pedestrian Collision; Negligence —Respondeat Superior;
Negligent Hiring/Training/Supervision; Punitive Damages)**

### JURISDICTION AND VENUE

1.    Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over WMATA matters pursuant to WMATRC Art XVI § 81; D.C. Code Ann. § 1-2431(81) (1981) and DC ST § 9-1107.10.

2.    Venue in this Court is proper as the negligent acts and/or omissions, committed by the Defendant occurred in the District of Columbia.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## PARTIES

3.      Plaintiff Amanda Mahnke is an adult citizen and resident of the District of Columbia.

4.      Upon information and belief, Defendant WMATA is a transit authority created by Federal Compact and authorized to do business in the District of Columbia.

5.      At all times relevant, Defendant WMATA was the owner of the transit bus being operated by Carla Proctor, who was acting within the course and scope of her employment and/or agency with WMATA.

6.      Defendant WMATA is vicariously liable for any tortious acts and/or omissions committed by Carla Proctor which directly and proximately caused serious and permanent injuries to Plaintiff Amanda Mahnke.

## FACTS

7.      On September 3, 2009, at approximately 8:30 a.m., Plaintiff Amanda Mahnke, was in the process of lawfully crossing Florida Avenue at the intersection of Connecticut Avenue, N.W., from the southeast corner to the northeast corner.

8.      At the time referenced in the preceding paragraph, Plaintiff Amanda Mahnke was lawfully within the crosswalk, and was crossing with the "walk" signal.

9.      At the identical time and date, Carla Proctor was operating a WMATA bus, No.4262, owned by Defendant WMATA, traveling westbound on Florida Avenue, NW. Ms. Proctor carelessly and recklessly attempted to enter the intersection and cross Connecticut Avenue.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

10.     Ms. Proctor's actions and omissions were in direct violation of Title 18, Chapters 2103.5, 2300.2, 2302.2 of the District of Columbia Municipal Regulations.

11.     As Plaintiff Amanda Mahnke was lawfully crossing within the crosswalk at the intersection previously described, Carla Proctor, who was operating the WMATA bus carelessly, recklessly and without appropriate caution, struck Plaintiff.

12.     As a result of being struck by the WMATA vehicle operated by Carla Proctor, Plaintiff was thrown a substantial distance and landed in the roadway.

13.     As a result of being struck by the WMATA vehicle, Plaintiff sustained severe and permanent injuries, including but not excluding, fractured skull, epidural hematoma, broken clavicle, fractured ribs, collapsed lung, pelvis fracture, traumatic brain injury, as well as numerous other injuries.

14.     At all times relevant herein, Carla Proctor, was operating the WMATA bus with the permission of its owner, and in the course and scope of her employment with her employer, Defendant WMATA.

15.     Upon information and belief, and prior to this incident, Carla Proctor was cited for several reckless motor vehicle violations as a WMATA employee but was not properly terminated, retrained and/or supervised after such violations.

16.     Upon further information and belief, Ms. Proctor was terminated by WMATA as a result of her reckless and careless actions and omissions on September 3, 2009.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 3 -

## COUNT I
### (Negligence and Negligence *Per Se*)

17.   Plaintiff incorporates, by reference, the allegations set forth in paragraphs 1 through 16 above, as if fully set forth herein.

18.   Plaintiff alleges that Defendant WMATA's agent, servant and/or employee, Carla Proctor, was negligent, reckless, and/or careless in the operation of the WMATA vehicle, and that at all relevant times, Carla Proctor was acting within the course of her employment and/or agency with Defendant WMATA.

19.   Plaintiff further alleges that Defendant WMATA is legally and statutorily liable for all acts and/or omissions committed by Carla Proctor within the course and scope of her employment.

20.   Plaintiff further alleges that Defendant WMATA, through its agent, servant and/or employee, Carla Proctor, had a duty to use reasonable care in the operation of the WMATA bus.

21.   Plaintiff further alleges that Defendant WMATA, through its agent, servant and/or employee, Carla Proctor, breached the duty of care owed to pedestrians such as the Plaintiff Amanda Mahnke, and was negligent in the following ways:

a.   In failing to maintain proper control of the WMATA vehicle;

b.   In failing to pay full time and attention to the operation of the WMATA vehicle;

c.   In failing to operate the WMATA vehicle at a safe speed for the traffic and pedestrian conditions;

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 4 -

d.      In failing to keep a proper lookout in the operation of the WMATA vehicle;

e.      In failing to properly stop her vehicle in response to a traffic signal.

f.      In failing to yield the right-of-way to the Plaintiff, Amanda Mahnke, who was a pedestrian lawfully crossing the roadway in a pedestrian crosswalk;

g.      In failing to operate the WMATA vehicle with the degree of skill and care required under the circumstances;

h.      In failing to observe the Plaintiff, Amanda Mahnke, who was lawfully crossing the street within the crosswalk on a walk signal; and,

i.      In otherwise failing to adhere to the applicable motor vehicle laws and regulations then and there in effect in the District of Columbia.

22.     Plaintiff further alleges that Defendant WMATA, through its agent, servant and/or employee, Carla Proctor, violated pedestrian safety provisions which were in full force and effect in the District of Columbia at the time of the incident in question.

23.     By violating applicable District of Columbia safety regulations, including those regulations designed to protect lawful pedestrians from the acts or omissions of operators of motor vehicles, Defendant WMATA was negligent *per se*.

24.     In particular, Plaintiff alleges that Defendant WMATA was negligent *per se* in violating various provisions of Title 18, Chapters 2103.5, 2300.2, 2302.2 of the District of Columbia Municipal Regulations.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 5 -

25.   As a direct and proximate result of Defendant WMATA's negligence, Defendant's vehicle violently struck Plaintiff Amanda Mahnke.

26.   Plaintiff further alleges that the injuries suffered by Plaintiff Amanda Mahnke, and the incident in question, was a direct, sole and proximate result of the negligence of WMATA, through its agent, servant and/or employee, Carla Proctor.

27.   As a further direct and proximate result of Defendant WMATA's negligence described above, Plaintiff Amanda Mahnke suffered numerous permanent injuries, including but not excluding, fractured skull, epidural hematoma, broken clavicle, fractured ribs, collapsed lung, pelvis fracture, traumatic brain injury, acute stress syndrome, as well as numerous other injuries.

28.   Plaintiff further alleges that as a direct and proximate result of Defendant WMATA's negligence, she has suffered permanent injuries and damages.

29.   As a further direct and proximate result of the negligence of Defendant WMATA, Plaintiff Amanda Mahnke has incurred and will continue to incur substantial expenses for medical care; has incurred and/or will continue to incur a loss of wages and wage-earning capacity; and has suffered and will continue to suffer much physical pain and mental anguish.

## COUNT II
### (Negligent Hiring/Training/Supervision)

30.   Plaintiff incorporates by reference paragraphs 1 through 29 above.

31.   Plaintiff further alleges that Defendant WMATA had a duty to use reasonable care in the hiring, training, and supervision of its employees.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 6 -

32.   Plaintiff further alleges that Defendant breached the duties owed as set forth in the preceding paragraph.

33.   Plaintiff further alleges that Defendant WMATA breaches of the duties owed, include but are not limited to the following: (1) failure to hire personnel properly qualified to operate buses in a safe and reasonable manner; (2) failure to train bus drivers to abide by all existing motor vehicle regulations, including but not excluding, Title 18, Chapters 2103.5, 2300.2, 2302.2 of the District of Columbia Municipal Regulations; (3) failure to properly supervise bus drivers while such drivers are operating buses owned by WMATA; and (4) failure to terminate bus drivers after receiving notice of dangerous motor vehicle infractions.

34.   Plaintiff further alleges that Defendant WMATA breached the duties owed by (1) failing to terminate Carla Proctor, prior to September 3, 2009, after receiving active and constructive notice of Ms. Proctor's reckless and dangerous operation of WMATA buses on prior occasions, including several motor vehicle citations; (2) failing to train Ms. Proctor after receiving active and constructive notice of Ms. Proctor's reckless and dangerous operation of WMATA buses on prior occasions; and (3) failing to supervise Ms. Proctor after receiving active and constructive notice of Ms. Proctor's reckless and dangerous operation of WMATA buses on prior occasions.

35.   Defendant WMATA had actual or constructive notice of such failures to properly hire, train and supervise its employees, by failing to hire appropriate personnel, provide training and supervision to such personnel, despite an obvious need that such

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

hiring, training and supervision was required, where Defendant knew to a moral certainty that it was foreseeable that its employees and/or agents would predictably confront such situations as depicted above and as a result of the failure to properly hire, train and supervise, deaths and serious permanent injuries would occur to pedestrians.

36.    Such failures to properly hire, train and supervise amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted Ms. Proctor to engage in the conduct which proximately and directly caused serious and permanent injuries to Plaintiff Amanda Mahnke.

37.    As a further direct and proximate result of Defendant WMATA's negligence described above, Plaintiff Amanda Mahnke suffered numerous permanent injuries, including but not excluding, fractured skull, epidural hematoma, broken clavicle, fractured ribs, collapsed lung, pelvis fracture, traumatic brain injury, as well as numerous other permanent injuries.

38.    As a further direct and proximate result of the negligence of Defendant WMATA, Plaintiff Amanda Mahnke has incurred and will continue to incur substantial expenses for medical care; has incurred and/or will continue to incur a loss of wages and wage-earning capacity; and has suffered and will continue to suffer much physical pain and mental anguish.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COUNT III
### (Wanton and Willful Misconduct, Gross Negligence, Punitive Damages)

39.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 38 above, as if fully set forth herein.

40.    Plaintiff further alleges that Ms. Proctor's and Defendant WMATA's actions and/or omissions were performed with evil motive, recklessness, actual malice, with intent to injure and/or in willful disregard for the rights of the Plaintiff; and such actions also constitute gross negligence.

41.    Plaintiff further alleges that Defendant WMATA's conduct itself was outrageous, grossly fraudulent, and/or reckless toward the safety of the Plaintiff.

42.    Plaintiff further alleges that the officers, directors, employees or managing agents of Defendant WMATA participated in the reckless, wanton and willful conduct, authorized the wanton and willful conduct, and/or approved the misconduct before or after it was performed.

43.    The Defendant acted with actual malice toward the Plaintiff or acted under circumstances amounting to a willful and wanton disregard of the Plaintiff's safety, and/or acted with conscious indifference towards the rights of and safety of the Plaintiff such that an award of punitive damages to the Plaintiff to punish the Defendant for its actions and/or omissions, and to serve as example to prevent others from acting in a similar way, is appropriate here, especially because the acts necessary for Defendant to

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

have prevented and/or remedied could have been accomplished at minimal cost to Defendant WMATA.

WHEREFORE, the Plaintiff Amanda Mahnke hereby demands judgment against Defendant WMATA in the full and just amount of Ten Million Dollars ($10,000,000.00), in compensatory damages plus interest and costs.

WHEREFORE, the Plaintiff Amanda Mahnke demands punitive damages against Defendant WMATA in the full and just amount of Twenty Million Dollars ($20,000,000.00) plus interest and costs.

## JURY DEMAND

The Plaintiff, through counsel, requests a trial by jury on all of the above claims.

Respectfully submitted,

REGAN ZAMBRI & LONG, PLLC


By: _____
Patrick M. Regan    #336107
pregan@reganfirm.com
Paul J. Cornoni       #489398
pcornoni@reganfirm.com
1919 M Street, NW, Suite 350
Washington, DC 20036
PH: (202) 463-3030
*Counsel for Plaintiff*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 10 -