UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | | |
|---|---|---|
| AMANDA MAHNKE | : | |
| 1725 New Hampshire Avenue, N.W. | : | |
| Washington, D.C. 20009 | : | |
| | : | |
| | : | |
| Plaintiff | : | Civil Action No.:1:10cv0021(EGS) |
| | : | |
| v. | : | |
| | : | |
| WASHINGTON METROPOLITAN AREA | : | |
| TRANSIT AUTHORITY | : | |
| 600 Fifth Street, N.W. | : | |
| Washington, D.C. 20001 | : | |
| | : | |
| Defendant | : | |

<u>ANSWER BY DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT
AUTHORITY TO PLAINTIFF'S COMPLAINT</u>

Defendant, Washington Metropolitan Area Transit Authority (WMATA)

comes before this Court and responds to Plaintiff's complaint.

1-2. Defendant admits the allegations contained in paragraphs one (1) and two

(2) of Plaintiff's complaint.

3.     Defendant is without sufficient knowledge or information upon which to

admit or deny the allegations contained in paragraph three (3) of Plaintiff's complaint.

4. Defendant is an interstate compact agency and instrumentality of the

District of Columbia, Virginia and Maryland created by interstate compact between

those jurisdictions, with the approval of Congress for the purpose of creating and

maintaining a regional transportation system, as more fully set forth in D.C. Code

Ann. § 9-1107.01.  To the extent the allegations of paragraph four (4) are

inconsistent with the foregoing, they are denied.

5. Defendant admits that it was the owner of the Metrobus at issue and that its employee Carla Proctor was acting within the scope of her employment at the time of the occurrence.  Defendant denies the remainder of the allegations contained in paragraph five (5) of Plaintiff's complaint.

6. The allegations contained in paragraph six (6) are statements of Plaintiff's interpretation of the law and do not require a response from Defendant.  The remaining allegations are denied.

7-8. Defendant admits that on September 3, 2009 at approximately 8:30 a.m., Plaintiff was present at or near the intersection Florida Avenue  at Connecticut Avenue, N.W., but denies the remaining allegations contained in paragraphs seven (7) and eight (8) of Plaintiff's complaint.

9.  Defendant admits that Carla Proctor was operating a WMATA bus, No. 4262, but denies the remaining allegations contained in paragraph nine (9) of Plaintiff's complaint.

10-11. Defendant denies the allegations contained in paragraphs ten (10) and eleven (11) of Plaintiff's complaint.

12. Defendant admits that Plaintiff and the bus collided, but denies the remaining allegations contained in paragraph twelve (12) of Plaintiff's complaint.

13. Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph thirteen (13) of Plaintiff's complaint, and therefore denies same and demands strict proof.

14. Defendant admits the allegations contained in paragraph fourteen (14) of

Plaintiff's complaint, but only to the extent paragraph fourteen (14) refers to the occurrence alleged in Plaintiff's complaint.

15. Defendant denies the allegations contained in paragraph fifteen (15) of Plaintiff's complaint.

16. Defendant admits that it terminated Ms. Proctor's employment, but denies the remaining allegations contained in Plaintiff's complaint. This allegation supports Plaintiff's claim of negligent hiring, training and supervision which has been dismissed.

## COUNT I

(Negligence and Negligence Per Se)

17. Defendant incorporates by reference its responses to paragraphs one (1) through sixteen (16) of Plaintiff's complaint, as if fully set forth herein, in response to the allegations contained in paragraph seventeen (17) of Plaintiff's complaint.

18. Defendant admits that Carla Proctor was acting within the scope of her employment at the time of the occurrence, but denies the remaining allegations contained in paragraph eighteen (18) of Plaintiff's complaint.

19-20. The allegations contained in paragraphs nineteen (19) and twenty (20) are incomplete or incorrect statements of the law and do not require a response from Defendant. To the extent a response is required, the allegations are denied.

21-29. Defendant denies the allegations contained in paragraphs twenty-one (21) through twenty-nine (29) of Plaintiff's complaint.

## COUNT II

Negligent Hiring/Training /Supervision

By praecipe filed on or about January 27, 2010, Plaintiff voluntarily dismissed Count II.  Because of Burkhart v. WMATA, 112 F.3d 1207 (D.C. Cir. 1997), this claim is dismissed with prejudice.

30-38. Defendant denies the allegations contained in paragraphs thirty (30) through thirty-eight (38) of Plaintiff's complaint.

## COUNT III

(Wanton and Willful Misconduct, Gross Negligence, Punitive Damages)

By praecipe filed on or about January 27, 2010, Plaintiff voluntarily dismissed Count III.  Because of City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 260 n. 21 (1981) and other decisions of this Court, the claim is dismissed with prejudice.  WMATA has governmental immunity against this claim for punitive damages.

39.   Defendant incorporates by reference its responses to paragraphs one (1) through thirty-eight (38) of Plaintiff's complaint, as if fully set forth herein, in response to the allegations contained in paragraph thirty-nine (39) of Plaintiff's complaint.

40-43. Defendant denies the allegations contained in paragraphs forty (40) through forty-three (43) of Plaintiff's complaint.

Defendant denies all allegations not expressly admitted herein.

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Should discovery provide a basis, WMATA reserves the right to assert that the incident in question was caused by the negligence of a person or entity not a party to this lawsuit.

## THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to defend this action on the basis that the Plaintiff was contributorily negligent, and /or that she assumed the risk of injury, should the evidence provide a basis therefor.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by Defendant's governmental immunity under the WMATA Compact, D.C. Code Ann. §9-1107.01(80)(2001). Specifically, Defendant is not subject to punitive damages or claims of negligent hiring, training and supervision.

Defendant reserves the right to rely upon any and all defenses available from the evidence presented at the trial of this action, and reserves the right to assert such defenses at that time.

WHEREFORE, WMATA, having fully answered the Complaint, prays that the same be dismissed with costs assessed against the Plaintiff.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

Carol O'Keeffe, #445277
General Counsel

/s/ Mark Sullivan
Mark F. Sullivan, #430876
Deputy General Counsel

/s/ Gerard J. Stief
Gerard J. Stief, #925933

/s/ Nicholas S. Nunzio, Jr.
Nicholas S. Nunzio, Jr., #362578
Assistant General Counsel
(202) 962-1028
nsnunzio@wmata.com

/s/ Kathleen A. Carey
Kathleen A. Carey, #357990
Assistant General Counsel
WMATA - COUNSEL
600 5th Street, N.W.
Washington, D.C. 20001
(202) 962-1496
kcarey@wmata.com

JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

/s/ Kathleen A. Carey
Kathleen A. Carey #357990
Assistant General Counsel
WMATA - COUNSEL
600 5th Street, N.W.
Washington, D.C. 20001
(202) 962-1496
kcarey@wmata.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Answer to Plaintiff's Complaint was

served by efiling this 29th day of January 2010 to:

Patrick M. Regan
Regan Zambri & Long, PLLC
1919 M St., N.W.
Suite 350
Washington, D.C.   20036

/s/ Kathleen A. Carey