**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMANDA MAHNKE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Case No. 1:10-cv-00021-BAH |
| WASHINGTON METROPOLITAN AREA : | |
| TRANSIT AUTHORITY, : | |
| : | |
| Defendant. : | |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S
RESPONSE TO PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE**

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by and through counsel, respectfully submits the following opposition to Plaintiff's Omnibus Motions In Limine::

**1.  Defendant should not be precluded from questioning witnesses regarding 18 DCMR Vehicles and Traffic §2303.2 and requesting that the jury be instructed on it, if the evidence supports such an instruction.**

Plaintiff has filed a motion in limine precluding the use of 18 DCMR Vehicles and Traffic §2303.2 by witnesses and/or other means at the trial of this case.  Its applicability, however, will be determined by this Court for purposes of jury instructions, especially the requested District of Columbia Standardized Civil Jury Instructions 5-9 (Violation of Regulation/Statute--Negligence Per Se) or 5-10 (Violation of Regulation--Evidence of Negligence).

Plaintiff argues that the regulation is inapplicable as a matter of law to the facts of this case, and that Ms. Mahnke "clearly . . . had the right-of-way." 18 DCMR Vehicles and Traffic §2303.2 provides that "[n]o pedestrian shall suddenly leave a curb, safety platform, safety zone, loading platform or other designated place of safety and walk or turn into the path of a vehicle which is so close that it is impossible for the driver to yield."   Section 2303.2 is found under that part of the

District of Columbia municipal regulations governing Pedestrians entitled "Right-of-Way in Crosswalks."  18 DCMR <u>Vehicles and Traffic</u> §2303.2 is the codification of a pedestrian's common law duty to exercise ordinary care to "protect their own safety."  District of Columbia Standardized Civil Jury Instruction 7-1.  A pedestrian is required "to make reasonable observations to learn the traffic conditions confronting him or her, and try to make a sensible decision whether it is reasonably safe to attempt the crossing." District of Columbia Standardized Civil Jury Instruction 7-13.  One of those "reasonable decisions" includes not stepping "into the path of a vehicle which is so close that it is impossible for the driver to yield."  18 DCMR §2303.2.  Furthermore, having the right-of-way whether in a marked or unmarked crosswalk does not absolve Ms. Mahnke from exercising ordinary care to avoid injury.  <u>See</u> District of Columbia Standardized Civil Jury Instruction 7-5.

Evidence of an individual's lack of knowledge or appreciation for the law is clearly relevant to the court or a jury's determination of Plaintiff's failure to exercise reasonable care and compliance with that law.  Everyone is presumed to know the law.  <u>Doing v. D.C.</u>, 67 A.2d 396, 398 (D.C. 1949) (this implied knowledge extends to traffic regulations as much as it does to statutes).  Seeking to preclude Defendant from eliciting from the Plaintiff knowledge of the very regulations that control pedestrian conduct is simply another way Plaintiff is attempting to remove from Defendant the affirmative defense of contributory negligence. Defendant WMATA requests that it be permitted to use 18 DCMR §2303.2 in questioning the actions of Plaintiff or other witnesses, and that it be incorporated in the Court's jury instructions should the case be submitted to the jury for disposition if the evidence supports it.

Therefore, the motion in limine on this issue should be denied pending the evidence adduced at trial and the jury instructions to be given the jury.

2.  **<u>Defendant should not be precluded from making reference to the occupations of Plaintiff's parents because Plaintiff and/or her parents may testify at trial about matters involving their knowledge and understanding of Plaintiff's injuries and follow-up medical care.</u>**

Plaintiff's parents are psychologists. Psychology is the science of behavior and mental processes. <u>Merriam-Webster Medical Dictionary</u>. Plaintiff suffered a brain injury. There is an obvious nexus between Plaintiff's parents' observations of and interactions with the Plaintiff as trained psychologists and the injuries sustained by the Plaintiff.

Depending on the scope of the evidence elicited from Plaintiff's mother and father, Defendant WMATA does not want to be precluded from adducing evidence at trial, either through direct examination or cross examination regarding their observations, assessments of and/or treatment of Plaintiff's injuries. Therefore, the motion in limine on this issue should be denied pending the evidence adduced at trial, especially the testimony of Plaintiff's parents.

3.  **<u>Defendant WMATA does not oppose Plaintiff's motion for leave to amend her Complaint by increasing her ad damnum demand for judgment from $10,000,000.00 to $20, 000,00.00.</u>**

Plaintiff has filed a motion for leave to amend her Complaint in order to increase her ad damnum demand for judgment from $10,000,000.00 to $20,000,000.00. "The court should freely give leave when justice so requires" in the absence of prejudice to the opposing party is the standard by which this Court grants or denies a motion to amend. See <u>Syme v. Rowton</u>, 555 F.Supp. 33, 34 (D.C. Mont. 1982); Fed. R. Civ. P. 15(a)(2) . Plaintiff will still be required to prove the extent of any damages she may have suffered. <u>Id</u>.

4.  **<u>The anticipated testimony of Gabriela Salazar's "habit" when crossing at an intersection is not the type of habit evidence which is the subject of Fed. R. Evid 406 and the witness should not be precluded from describing her actions on the scene.</u>**

Testimony regarding "habit" may be provided in the absence of eyewitness evidence of a person's actions in Fed. R. Evid. 406. <u>Levin v. United States</u>, 338 F.2d 265 (D.C. Cir. 1964);

Weil v. Seltzer, 873 F. 2d 1453 (D.C. Cir. 1989); United States ex rel El Amin v. George Washington University, 533 F. Supp. 2d 12 (D.D.C. 2008).   However, such testimony is generally elicited from a witness about a party.   The testimony by Ms. Salazar at her deposition is not "habit" evidence.   Ms. Salazar said that as she was standing on the corner she looked to the left.   When asked why she looked, she responded that "I always look, so I turned and looked." (Salazar Depo. Tr. p. 15 line 2).   She then explained that "I mean it's an instinct, you know." (Id at lines 10-11).   Plaintif seeks to preclude all evidence as to her actions under the circumstances, and to restrict her testimony to "the facts as she observed them without commenting as to her habit." (Plaintiff's Memorandum at p. 4). However, the fact that, at the time of the occurrence, Ms. Salazar looked both ways at this intersection, saw the WMATA bus approaching and stepped back, and/or otherwise remained on the sidewalk out of the bus' way is admissible evidence on the issues of the exercise of reasonable care, where the bus was at the time Ms. Salazar stepped out and back, and Plaintiff's contributory negligence.

  Therefore, the motion in limine on this issue should be denied.

  **WHEREFORE**, Defendant Washington Metropolitan Area Transit Authority requests that this Honorable Court enter an Order:

  1. Denying Plaintiff's motion in limine on the issue of the admissibility of 18 DCMR Vehicles and Traffic §2303.2 pending the evidence adduced at trial and jury instructions;

  2. Denying Plaintiff's motion in limine on the issue of Plaintiff's parents' occupations pending the evidence adduced at trial;

  3. Defendant WMATA does not oppose Plaintiff motion to amend her Complaint by increasing her ad damnum demand for judgment from $10,000,000.00 to $20,000,000.00; and,

4.     Denying Plaintiff's motion in limine regarding the testimony of eyewitness Gabriela Salazar insofar as looking both ways before entering the intersection as it relates to the facts and circumstances of this occurrence and the issues of the exercise of reasonable care and Plaintiff's contributory negligence.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

/s/ Kathleen A. Carey
Kathleen A. Carey #357990
Associate General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1496; Fax: (202) 962-2550
E-mail:  kcarey@wmata.com

/s/ Nicholas S. Nunzio, Jr.
Nicholas S. Nunzio, Jr. #362578
Associate General Counsel - WMATA
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1028; Fax: (202) 962-2550
E-mail:  nnunzio@wmata.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 13th day of October, 2011, a copy of **Defendant Washington Metropolitan Area Transit Authority's Opposition to Plaintiff's Omnibus Motion In Limine and proposed Order**, was served through the Court's e-filing system on:

Patrick M. Regan, Esquire
Paul Cornoni, Esquire
1919 M Street, NW, Suite 350
Washington, DC  20036

/ s/ Kathleen A. Carey
Kathleen A. Carey #357990
Associate General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1496
(202) 962-2550
E-mail:  kcarey@wmata.com