## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMANDA MAHNKE** | : |
| **Plaintiff,** | : |
| **v.** | :    **1:10-cv-00021-BAH** |
| **WASHINGTON METROPOLITAN** | :    **Judge Beryl A. Howell** |
| **AREA TRANSIT AUTHORITY** | |
| | : |
| **Defendant.** | : |
| | : |

## OPPOSITION TO DEFENDANT METRO'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF WMATA'S OMNIBUS MOTION IN LIMINE

Plaintiff hereby files this Opposition to Defendant's Supplemental Memorandum which was filed today and further states the following:

1.      Upon receiving Defendant's supplemental submission this morning, undersigned counsel, called Douglas Taylor, Esquire.   Mr. Taylor represented Ms. Proctor at the arbitration proceedings.  Mr. Taylor stated that there **"is no question that WMATA made the argument that Ms. Proctor's actions at the two preceding intersections was relevant to the collision that occurred between Ms. Mahnke and the bus, and Ms. Proctor's termination."**

2.  Mr. Taylor went on to state that WMATA's closing brief makes this argument as well as the arbitration award.  Undersigned counsel received this documentation from

defense counsel this morning.  (See attached, Exhibit A, Arbitration Award and Exhibit B, WMATA's, closing brief.)

3.      A review of these materials explicitly demonstrates that the light sequencing at the two prior intersections is critically important.  Defendant WMATA argued such, stating:

> Mr. Beatty, Union's witness testified that based on his experience operating a bus at this location, **Grievant could have anticipated he color of the light at Intersection 1 solely based on the color of the previously lights whether or not she could physically see the light at Intersection 1.  Based on evidence as to when she entered Intersection 1, the light sequencing records, and the observation from the video tape that there were no vehicles in Intersection 1 traveling NB on Florida Ave several seconds prior to the bus entering into it, <u>it can be reasonably deduced that Ms. Proctor did not stop at Intersections 4 or 3 and entered one or both of these intersections on yellow lights.  Coupled with the fact that she was running 25 minutes behind starting her second revenue run, it is not hard to conclude that she was attempting to beat the light.  (WMATA's brief at pp. 21-22)</u>**

Clearly, WMATA has now admitted that Ms. Proctor's conduct at the two prior intersections is relevant.

4.      Defendant's supplement submission concerning Detective Miller's testimony at the arbitration proceedings is also misleading.  Most importantly, as Defendant WMATA concedes, Detective Miller was precluded from testifying regarding the findings and conclusions in his filed report.  However, Defense counsel for WMATA <u>specifically tried to introduce this evidence at the arbitration proceeding</u>.  This underlines the point that the Court was making at the pretrial conference, i.e., that clearly Defendant Metro feels that this testimony is appropriate and reliable. (See pages 265-

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

266, wherein Defendant Metro is attempting to put into evidence Detective Miller's entire report which was labeled Authority Exhibit 9).

5.      Further, Defendant Metro offered Detective Miller's testimony at the arbitration proceeding to put forth clarification and explanation to the sequencing of the lights at several of the preceding intersections.  This highlights the fact that Defendant Metro was making the argument to the arbitration panel that Ms. Proctor ran several red lights.  (*See* pages 277-279, 288, 292-293, 302, 314)

6.      Finally, at the Pretrial Conference yesterday, the Court invited supplemental authority on one issue.  More specifically, the Court asked Metro to provide any case law concerning the fact that Defendant Metro waived the self-evaluative privilege by stating to the public in a press release that Ms. Proctor was fired. Defendant's supplemental memorandum does not provide any such case law but instead adds new arguments which were not presented to the Court previously.  This is not appropriate and is in violation of the Court's pretrial order stating that motions in limine must be fully briefed by the submission of the joint pretrial statement.  If the Court wishes to hear additional argument from the Plaintiff concerning subsequent remedial measures and other new arguments put forth in Defendant's memorandum, then Plaintiff requests an additional period of time to do so.

Respectfully submitted,

REGAN ZAMBRI LONG

By:   **/s/ Paul Cornoni**
Patrick M. Regan          #336107
pregan@reganfirm.com
Paul Cornoni              #489398
pcornoni@reganfirm.com
1919 M Street, NW, Suite 350
Washington, DC  20036
Pʜ:   (202) 463-3030
Fx:   (202) 463-0667
*Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>18th</u> day of October 2011, a copy of the foregoing Plaintiff's Opposition to Defendant's Supplemental Memorandum in Support of WMATATA's Omnibus Motion in Limine was electronically filed and served via the Court's CM/ECF system and served on:

> Kathleen A. Carey, Esquire
> Nicholas S. Nunzio, Esquire
> Washington Metropolitan Area Transit Authority
> 600 Fifth Street, NW
> Washington, DC  20001

<u>  **/s/ Paul Cornoni**  </u>

Patrick M. Regan